Sarbjit SINGH, Petitioner,

v.

Alberto GONZALES,* Attorney
General, Respondent.

No. 02–72854.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.**

Decided April 11, 2005.

Vinay R. Chari, Esq., Law Office of
Virender Kumar Goswami, San Francisco,
CA, for Petitioner.

Regional Counsel, Western Region Im-
migration & Naturalization Service, Lagu-
na Niguel, CA, William Campbell Erb, Jr.,
Attorney, Mary Jane Candaux, Esq., U.S.
Department of Justice Civil Div./Office of
Immigration Lit., Washington, DC, for Re-
spondent.

---

* Alberto Gonzales is substituted for his prede-
cessor, John Ashcroft, as Attorney General of
the United States, pursuant to Fed. R.App. P.
43(c)(2).

** This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, TROTT and PAEZ, Circuit Judges.

## MEMORANDUM ***

Sarbjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying his application for asylum and withholding of deportation, and which denied his motion to remand his case to the IJ to consider relief under the Convention Against Torture ("CAT"). We have jurisdiction under former 8 U.S.C. § 1105a. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We grant the petition for review and remand for further proceedings.

Where, as here, the BIA adopts the IJ's credibility determination, "we look through the BIA's decision to examine the IJ's reasons for deeming the person not credible." *Bandari v. INS*, 227 F.3d 1160, 1165 (9th Cir.2000). We review adverse credibility determinations under the substantial evidence standard. *He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir.2003).

Singh contends that the IJ's adverse credibility determination is not supported by substantial evidence. We agree. The IJ's reasons are not supported by substantial evidence. *See Bandari*, 227 F.3d at 1165.

■ First, the IJ questioned Singh's membership in the All India Sikh Student Federation ("AISSF"). The IJ found it "difficult to believe" both that Singh had collected funds for the AISSF in the manner that he testified and that there was no local chapter of the AISSF in Singh's village. The IJ also explained that it was her "understanding" that becoming an AISSF member required paying at least a nominal fee. These reasons are based on impermissible speculation. *See Bandari*, 227 F.3d at 1167 (explaining that "conjecture and speculation can never replace substantial evidence") (citation and internal quotation omitted). Further, the IJ's additional finding that Singh could not articulate why people should join the AISSF, and that Singh had no in-depth knowledge of the organization are not supported by the record. *See He*, 328 F.3d at 600 (finding no substantial evidence to support an adverse credibility determination where the IJ's conclusions were inconsistent with the record).

■ Second, the IJ concluded that it was "not plausible" that the Punjab police arrested and beat Singh, but did not interrogate him. This conclusion is based on improper speculation. *See Bandari*, 227 F.3d at 1167.

Third, the IJ found that Singh lacked knowledge of the Sikh religion. The IJ's finding is not supported by the record. *See He*, 328 F.3d at 600.

■ Finally, the IJ found there was an inconsistency between Singh's asylum application, in which he stated that his third arrest occurred at the beginning of January, and his testimony at the hearing, in which he stated that the third arrest occurred at the end of January. This discrepancy about a date, that reveals nothing about Singh's fear for his safety, is a minor inconsistency and it does not provide the basis for an adverse credibility finding. *See Bandari*, 227 F.3d at 1166.

Accordingly, we conclude that substantial evidence does not support the IJ's adverse credibility determination, and we deem Singh credible. We remand for the BIA to consider the merits of Singh's claims for asylum, withholding of deportation and CAT relief. *See INS v. Ventura,*

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Because we are remanding the case for further review, we need not consider Singh's Motion for Stay of Voluntary Departure at this time.

PETITION FOR REVIEW GRANTED AND REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.